# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI ABDULQAWI ABDO ALGHAITHI,<br><br>Plaintiff,<br><br>v.<br><br>U. S. DEPARTMENT OF HOMELAND SECURITY and LYNN Q. FELDMAN,<br><br>Defendants. | Case No. 1:21-cv-00059-AWI-SKO<br><br>**FIRST SCREENING ORDER**<br><br>(Doc. 1)<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

## I.   INTRODUCTION

### A.   Background

On January 15, 2021, Ali Abdulqawi Abdo Alghaithi ("Plaintiff"), proceeding *pro se*, filed a complaint against the United States Department of Homeland Security, the United States Citizenship and Immigration Services ("USCIS")[1], and USCIS Field Office Director Lynn Q. Feldman (collectively, "Defendants") following the denial of Plaintiff's Form N-400 naturalization application. (Doc. 1 ("Compl.") at 1, 2, 5.)[2] Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on January 19, 2021. (Docs. 2 & 4.) Plaintiff's complaint is now before the Court for screening.

---

[1] "USCIS" is listed as a defendant in the caption on the first page of Plaintiff's complaint but not in "The Defendant(s)" section of the complaint form. (*See* Compl. 2–3.)

[2] Citations are to ECF pagination.

As discussed below, Plaintiff challenges the denial of his N-400 application (Compl. at 4–6), but the Court lacks the authority to grant Plaintiff's requested relief. Plaintiff will be granted leave to file an amended complaint, if he so chooses.

### B. Screening Requirement and Standard

In cases where the plaintiff is proceeding *in forma pauperis*, the Court is required to screen each case and shall dismiss the case at any time if the Court determines the allegation of poverty is untrue, or the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of a complaint under 28 U.S.C. § 1915(e)(2) is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### C. Summary of the Complaint

The complaint alleges that Defendants denied his N-400 application because Plaintiff failed to appear for his naturalization interview, but Plaintiff claims that he "never received [his] appointment letter" due to "problems with the mail." (Compl. at 4–6.) Plaintiff requests that the Court "grant [him] another opportunity to have [his] appointment interview." (*Id.* at 6.)

## II. DISCUSSION

Congress has specifically provided that the sole authority to naturalize persons as citizens of the United States and to issue certificates of naturalization is conferred upon the Attorney General. 8 U.S.C. § 1421(a), (b)(4). "[D]istrict courts have limited jurisdiction over the naturalization

1   process," *Abghari v. Gonzales*, 596 F. Supp. 2d 1336, 1342 (C.D. Cal. 2009), with jurisdiction
2   arising in two circumstances.  First, 8 U.S.C. § 1447(b) ("section 1447(b)") provides that an
3   applicant for naturalization may apply to the United States District Court in the district in which he
4   resides if USCIS does not make a determination on that application within 120 days from the date
5   the agency interviewed the applicant.  8 U.S.C. § 1447(b).  Once the applicant files a lawsuit
6   pursuant to section 1447(b), the district court has discretion to "either determine the matter or
7   remand the matter, with appropriate instructions, to [USCIS] to determine the matter." *Id.*; *United*
8   *States v. Hovsepian*, 359 F.3d 1144, 1161 (9th Cir. 2004).  Second, pursuant to 8 U.S.C. § 1421(c)
9   ("section 1421(c)"), an applicant whose application has been denied, "after a hearing before an
10  immigration officer under section 1447(a) of this Title, may seek review of such denial before the
11  United States district court for the district in which such person resides," and "[s]uch review shall
12  be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at
13  the request of the petitioner, conduct a hearing de novo on the application."  8 U.S.C. § 1421(c).

14        Plaintiff's complaint does not expressly state under which provision he is seeking judicial
15  review, but based on the facts alleged and documents attached to the complaint, the Court determines
16  that subject matter jurisdiction exists pursuant to section 1421(c).  The complaint alleges that
17  Defendants denied Plaintiff's N-400 application after he failed to appear for his interview, and
18  attached to the complaint are two administrative decisions—an initial denial and a second decision
19  affirming the denial—reflecting such.  (Compl. at 5, 7–9, 12–13.)  The second decision, dated
20  December 15, 2020, states, "This decision constitutes a final administrative denial of your
21  naturalization application.  You may request judicial review of this final determination by filing a
22  petition for review in the United States District Court having jurisdiction over your place of
23  residence." (*Id.* at 9.)

24        In an action filed under to section 1421(c), however, the Court does not have authority to
25  remand the matter with instructions to USCIS to determine the matter.  Section 1447(b), which
26  applies when USCIS fails to make a determination on a naturalization application 120 days after the
27  naturalization examination is conducted, expressly provides that the district court has discretion to
28  "either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to

3

1 determine the matter." 8 U.S.C. § 1447(b).  By contrast, "remand is not presented as an option"
2 under section 1421(c). *Epie v. Caterisano*, 402 F. Supp. 2d 589, 591 (D. Md. 2005). "This Court
3 lacks authority to remand an action for further consideration, because 8 U.S.C. § 1421(c) plainly
4 indicates what a district court 'shall' do. 'Significantly, the statute is devoid of any mention of the
5 possibility of remand.' [*Epie*, 402 F. Supp. 2d at 591.]" *Navarette v. Holder*, No. CVF-091255
6 LJO GSA, 2010 WL 1611141, at *4 n.2 (E.D. Cal. Apr. 20, 2010). The Court's de novo review
7 under section 1421(c) "will result in one of two outcomes: the Court will conclude that [Plaintiff]
8 meets the statutory requirements for naturalization, or it will conclude that he does not meet them.
9 In that respect, [Plaintiff] stands in no different shoes than does any naturalization applicant who
10 petitions a district court for de novo review of his or her application. A favorable decision under
11 the [s]ection 1421(c) procedure (that [Plaintiff] is entitled to naturalization) would not address the
12 alleged procedural issues attendant to USCIS's determination that [Plaintiff] is not eligible for
13 naturalization; indeed, it would not need to because it would completely obviate those procedural
14 issues." *Khan v. United States Citizenship & Immigr. Servs.*, No. 15–CV–23406, 2017 WL 698512,
15 at *5 n.2 (S.D. Fla. Feb. 22, 2017)

16       Here, the only relief requested by Plaintiff is for the Court "to grant [him] another
17 opportunity to have [his] appointment interview" (Compl. at 6), which would require the Court to
18 remand with instructions to USCIS to determine the matter. However, because the basis for judicial
19 review of Plaintiff's N-400 application is section 1421(c), the Court will not be able to do so because
20 that section does not provide for remand. *Navarette*, 2010 WL 1611141, at *4 n.2. Given that the
21 Court cannot grant Plaintiff's request for relief, he has failed to state a claim upon which relief may
22 be granted. Plaintiff will be granted leave to amend his complaint and request for relief, and he is
23 advised that, under section 1421(c), the Court can conduct a de novo review of his naturalization
24 application and determine whether Plaintiff is entitled to naturalization.

25                              **III.   CONCLUSION AND ORDER**

26       As noted above, the Court will provide Plaintiff with an opportunity to amend his claim and
27 cure, to the extent possible, the identified deficiency. *Lopez*, 203 F.3d at 1130. Plaintiff may not
28 change the nature of this suit by adding new, unrelated claims in his amended complaint. *George*

*v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must identify what causes of action are being pursued, identify the improper actions or basis for liability of each defendant, and the factual allegations must demonstrate plausible claims, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the prior complaints. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Rule 220, Local Rules of the United States District Court, Eastern District of California.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a first amended complaint; and
2. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated: **April 16, 2021**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE